UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

CADIM Note Inc.,

        Plaintiff,

v.                  Case No. 1:11-cv-00044-JL

Southern New Hampshire Hospitality, LLC
Anthony DiLorenzo and Kevin Bowden,

        Defendants.

## [REDACTED] ORDER FOR APPOINTMENT OF RECEIVER

Having considered the Motion for Appointment of Receiver by Plaintiff CADIM Note Inc. ("CADIM"), Defendant Southern New Hampshire Hospitality, LLC ("Borrower" or "Defendant") having assented to this Order, and finding that there is good cause for the Motion,

**IT IS ORDERED** that:

1. CADIM's Motion for Appointment of a Receiver is allowed, and Crescent Hotels & Resorts, LLC is appointed Receiver in accordance with the following provisions of this Order.

2. The Receiver is hereby authorized, empowered and directed to:

a. take immediate possession, custody and control of the Property located at 11 Tara Boulevard, Nashua, New Hampshire at which the Radisson Nashua (the "Property") is located, and all improvements, fixtures, equipment, and all other tangible and intangible property that form the collateral for the subject Promissory Note, including, but not limited to, bank accounts maintained by Borrower and/or its Manager, all deposits related to the Property, and income and accounts receivable generated by the Property;

b. take all steps reasonably necessary to conduct an inventory of all tangible and intangible property related to the Property, all accounts related to the Property, and all receivables and liabilities of the Property;

c. receive and collect the income, rents and profits of the Property, with prompt notice to all tenants of the Receiver's appointment, and with the power to evict such tenants or take other such action as is necessary in the case of breach of any lease;

13354504.1

d.   take possession of all books, records, papers, leases, rent rolls, and other documents relative to the Property and collateral, and the Court orders Borrower and/or its Manager to turn over all such materials to the Receiver;

e.   take all actions reasonably necessary to maintain, operate, and preserve the Property during the pendency of the receivership;

f.   engage legal counsel to represent the Receiver in this action, subject to Court approval of all fees and costs therefor, after notice to the parties and hearing;

g.   pursuant to 28 U.S.C. §§ 2001, 2002, and 2004, to sell the Property subject to Court approval of the sale after notice to the parties and any other person or entity as directed by the Court, and an opportunity to be heard on objections and counteroffers; that the sums due CADIM on or pursuant to the Promissory Note and Loan Documents be determined and adjudged; and, that out of the monies arising from the sale of the Property and personal property, CADIM be paid the amounts due on the Promissory Note and Loan Documents, with interest thereon, the premiums and penalties, if any, and all other amounts due on the Loan, including attorneys' fees, the expenses of the sale, and costs, expenses, and disbursements of this action, together with the sums which have been and may be paid by CADIM for fire insurance, taxes, charges and assessments on the Property, with interest thereon, so far as the amount of such monies properly applicable thereto shall suffice therefore;

h.   provide an accounting of the receivership estate to the Court and the parties;

i.   the Receiver shall be compensated as follows:

   i.   the greater of 2.5% of gross Property revenue or $8000 per month for any month or portion of a month, to be prorated, during which Property is not open for business;

   ii.   2.5 % of gross Property revenue during periods of normal Property operations; and,

   iii.   monthly accounting fee of $2500 per month, with a one-time set-up fee of $1000, to be paid by CADIM.

j.   subject to Court approval after notice to the parties, initiate, prosecute, defend, compromise, adjust, intervene in, or become party to such legal actions, claims or proceedings related to the Property or collateral as the Receiver deems reasonably necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

k.   operate the Property pursuant to and in accordance with all existing licenses, permits and other approvals in the hands of the Borrower and/or its related entities;

l.  upon further motion, notice to the parties and Court Order, engage other professionals in assisting the Receiver with its duties; and,

m.  seek additional authorizations or modifications of this Order upon motion, notice, and further Court order.

3.  Borrower shall take reasonable steps to turn over the Property's books and records, deposits, operating accounts, keys, and other "property" as that term is defined in the subject mortgage.

4.  This Order enjoins any and all individuals and entities with actual or constructive notice of the receivership from directly interfering with the Receiver's efforts to discharge his duties as Receiver hereunder.

5.  This Order enjoins any and all individuals and entities with actual or constructive notice of the receivership from concealing, dissipating, or destroying the assets of the receivership estate or any books and records thereto;

6.  The Receiver is required to exercise good faith business judgment in fulfilling his duties and responsibilities pursuant to this Order. The Receiver is entitled to rely on all outstanding Court orders;

7.  Every ninety (90) days from the date of this Order, the Receiver shall file a Report with the Court summarizing his activities, providing an accounting of funds, assets and property in his possession, and reporting the status of any legal issues or claims. The Receiver shall include in that Report an application for an Order approving payment of all reasonable fees and expenses, as provided in Paragraph 2(i) above. The Receiver shall serve a copy of that Report to all parties who have entered an appearance in this matter.

8.  Within forty-five (45) days of the completion of his duties pursuant to this Order, the Receiver shall file a Notice of Termination and Request for Discharge Order seeking

discharge by the Court from his responsibilities as Receiver herein. The Notice of Termination and Request for Discharge Order shall include a final Report, summarizing all of the Receiver's activities, providing a final accounting, and reporting the final disposition of any legal claims.

9. The provisions of this Order shall remain in full force and effect until further Order of the Court.

10. This Order supersedes the Stipulation of the Parties [Docket No. 17] that this Court entered on February 9, 2011, and that Stipulation is hereby vacated.

11. Nothing contained herein shall constitute any waiver of any claims and defenses of the parties in the above captioned action.

12. In the event that the Receiver resigns or is removed as the Property's receiver for any reason, CADIM shall take reasonably prompt steps to seek Court approval of a successor to the Receiver in order that the Property will remain continuously open.

**DONE AND ORDERED** the 17th day of February, 2011.

_____
The Honorable Joseph N. Laplante
United States District Court for the District of New Hampshire