UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| AFP 105 CORP., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | C.A. No. 1:11-cv-00044 |
| ) | |
| SOUTHERN NEW HAMPSHIRE ) | |
| HOSPITALITY, LLC, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

### ORDER TO REPLACE RECEIVER

UPON CONSIDERATION OF the Assented-To Motion to Replace the Receiver With AFP 102 Corp., Effective November 1, 2011, and the record herein, it is this ___7th___ day of ___October___, 2011, HEREBY ORDERED:

1. The Assented-To Motion is Granted and AFP 102 Corp. is appointed Successor Receiver, effective on November 1, 2011, in accordance with the following provisions of this Order.

2. The Successor Receiver is hereby authorized, empowered and directed to:

   a. take immediate possession, custody and control of the Property located at 11 Tara Boulevard, Nashua, New Hampshire at which the Radisson Nashua Hotel (the "Property") is located, and all improvements, fixtures, equipment, and all other tangible and intangible property that form the collateral for the subject Promissory Note, including, but not limited to, bank accounts maintained by Borrower and/or its Manager, all deposits related to the Property, and income and accounts receivable generated by the Property;

  b. take all steps reasonably necessary to conduct an inventory of all tangible and intangible property related to the Property, all accounts related to the Property, and all receivables and liabilities of the Property;

  c. receive and collect the income, rents and profits of the Property, with prompt notice to all tenants of the Successor Receiver's appointment, and with the power to evict such tenants or take other such action as is necessary in the case of breach of any lease;

  d. take possession of all books, records, papers, leases, rent rolls, and other documents relative to the Property and collateral, and the Court orders the Borrowers and the current Receiver, Crescent Hotels & Resorts, LLC ("Crescent") to turn over any and all such materials in their possession to the Successor Receiver;

  e. take all actions reasonably necessary to maintain, operate, and preserve the Property during the pendency of the receivership;

  f. engage legal counsel to represent the Successor Receiver in this action, subject to Court approval of all fees and costs therefor;

  g. make arrangements to allow a foreclosure sale of the Property pursuant to RSA 479:25 and the Mortgage, Assignment of Leases and Rents and Security Agreement encumbering the Property;

  h. provide an accounting of the receivership estate to the Court and the parties;

  i. the Successor Receiver shall be compensated as follows:

    A. the greater of 2.5% of gross Property revenue or $8000 per month for any month or portion of a month, to be prorated, during which

      Property is not open for business;

    B. 2.5 % of gross Property revenue during periods of normal Property operations; and,

    C. monthly accounting fee of $2500 per month, with a one-time set-up fee of $1000;

  j. subject to Court approval, initiate, prosecute, defend, compromise, adjust, intervene in, or become party to such legal actions, claims or proceedings related to the Property or collateral as the Successor Receiver deems reasonably necessary and appropriate to carry out the Successor Receiver's mandate pursuant to this Order;

  k. operate the Property pursuant to and in accordance with all existing licenses, permits and other approvals in the hands of the Borrower and/or its related entities;

  l. upon further motion and Court Order, engage other professionals in assisting the Successor Receiver with its duties; and

  m. seek additional authorizations or modifications of this Order upon motion, notice, and further Court order.

  3. Current Receiver Crescent shall take reasonable steps to turn over the Property's books and records, deposits, operating accounts, keys, and other "property" as that term is defined in the subject mortgage, and to communicate as needed directly with the Successor Receiver, to ensure a smooth transition to the Successor Receiver as of November 1, 2011.

  4. This Order enjoins any and all individuals and entities with actual or constructive notice of the receivership from directly interfering with the Successor Receiver's efforts to discharge its duties as Successor Receiver hereunder.

5. This Order enjoins any and all individuals and entities with actual or constructive notice of the receivership from concealing, dissipating, or destroying the assets of the receivership estate or any books and records thereto.

6. The Successor Receiver is required to exercise good faith business judgment in fulfilling its duties and responsibilities pursuant to this Order. The Successor Receiver is entitled to rely on all outstanding Court orders.

7. Every ninety (90) days from the date of this Order, the Successor Receiver shall file a Report with the Court summarizing its activities, providing an accounting of funds, assets and property in his possession, and reporting the status of any legal issues or claims. The Successor Receiver shall include in that Report an application for an Order approving payment of all reasonable fees and expenses, as provided in Paragraph 2(i), above. The Successor Receiver shall serve a copy of that Report to all parties who have entered an appearance in this matter.

9. The provisions of this Order shall remain in full force and effect until further Order of the Court, or a foreclosure sale of the property is fully effective.

10. This Order supersedes the Order for Appointment of Receiver [Document No. 25] that this Court entered on February 17, 2011.

11. Nothing contained herein shall constitute any waiver of any claims and defenses of the parties in the above captioned action.

DONE AND ORDERED this 7th day of October, 2011,

_____
The Honorable Joseph N. Laplante
United States District Court
for the District of New Hampshire